**PAM SHOP, Inc. v. UNITED STATES FIDELITY & GUARANTY CO.**
**No. 16838.**

Circuit Court, Palm Beach County.

November 27, 1957 and February 25, 1958.

Harry Goodmark, West Palm Beach, for plaintiff.

R. Bruce Jones, Jones, Adams, Paine & Foster, West Palm Beach, for defendant.

R. O. MORROW, Circuit Judge.

*November 27, 1957:* This cause comes before the court on plaintiff's motion to produce certain documents under Civil Rule No. 1.28. Though the motion does not specifically state, the attorneys for the plaintiff at the hearing advised the court that the documents for which the motion was made, were certain statements made before one C. E. Jones, a notary public (who is also court reporter) by officers and employees of the plaintiff corporation taken before the cause was filed and during the investigation of an alleged theft by agents of the defendant company. The court observes that the plaintiff's officers should know the statements which they made. However, as to such officers, such statements could not be considered privileged and the court can see no reason why the officers making such statements should not have copies of the statements so made.

As to employees of plaintiff corporation, the court is of the opinion that their statements would be the work product of the defendant company and therefore not subject to being produced.

The motion to produce is granted as to the statements of the officers of the plaintiff corporation only.

*February 25, 1958:* This cause came on for trial before the court without a jury, the court has heard all the evidence and examined all the documents offered in evidence.

This is a suit brought upon an insurance policy issued by the defendant in favor of the plaintiff, insuring against loss occasioned by robbery.

Mrs. Shirlie Emerson, the owner of 75% or more the plaintiff's stock, testified that she saw a slim, tall colored girl take the pocketbook of the witness which contained the store's receipts and which were to be deposited in the bank, that the witness pursued the colored girl who, at the front of the store, raised her hand and the witness stopped and the girl escaped.

A trusted colored employee named Cleotha Leonard testified among other things that Mrs. Emerson stated she was going to get a cigaret from her handbag. This appears to be the only material conflicting evidence.

From the evidence, there is no doubt in the court's mind that the bag containing the bank deposits, consisting of cash in the sum of $818.16 and checks in the amount of $215.19, was stolen from the store but that two or three hours later the bag and checks were returned to the plaintiff and that the cash was never recovered. To infer from the one statement of the employee that Mrs. Emerson did not know her bag was missing until she went to get a cigaret therefrom and therefore had not seen the bag in the hand of the colored girl, would be to assume a fact not reasonably to be inferred in consideration of the testimony as a whole—further, it would impute perjury to the plaintiff's main witness and the court does not make such imputation. Giving full credence to the testimony concerning the cigaret and from all the testimony, it may be reasonably inferred that Mrs. Emerson was going to her bag to get a cigaret at the time she saw the girl taking the bag out of the store.

The case is not a strong case and though the court finds that police detectives were called and appeared, and one returned the bag and further that an unidentified white woman returned the checks, still none of these persons were produced—nor was the white woman produced who was in the dressing room trying on a dress at the time the incident took place.

The court finds that there is a preponderance of the evidence supporting the plaintiff's case and that under subparagraph (3) of the definition of robbery, as contained in the policy, the defendant is liable.

The court finds a reasonable attorney's fee for plaintiff's attorney to be assessed pursuant to section 625.08, Florida Statutes, is the sum of $200.

It is ordered and adjudged that the plaintiff have and recover of and from the defendant the sum of $818.16, plus a reasonable attorney's fee in the sum of $200, making a total of $1,018.16, together with costs herein expended, for all of which let execution issue.